UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-00032

UNITED STATES OF AMERICA                                                              Plaintiff,

v.

JACK S. BUZZARD, JR.                                                                  Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion for Summary Judgment of the United States of America. (Docket No. 9.) Defendant Jack S. Buzzard, Jr. has not responded, and the time to do so has elapsed. This matter is now ripe for consideration. For the reasons explained below, the Court will GRANT the United States' Motion for Summary Judgment.

### Factual Background

The Complaint and documents attached thereto demonstrate that on October 24, 2000, Buzzard executed a promissory note to secure a direct consolidation loan from the United States Department of Education pursuant to the William D. Ford Federal Direct Loan Program. *See* 20 US.C. § 1087a *et seq*. The loan, totaling $84,790.96, was disbursed to Buzzard on January 2, 2001, and January 16, 2001, and carried an interest rate of 8.25% per annum. (Docket Nos. 9-2, 9-3.) The United States alleges that to date, Buzzard has failed to pay the debt associated with this loan. The United States alleges that after the Department of Education demanded payments according to the terms of the promissory note, Buzzard defaulted upon his payment obligations on March 17, 2008. The Department of Education credited a total of $20,709.87 in payments from all sources, including any Treasury Department offsets, to the balance. As of November 24, 2010, Buzzard owed $105,765.45 in principal, plus $30,494.82 in interest—totaling $136,260.27. (Docket No. 9-2.)

On March 2, 2012, the United States filed a Complaint seeking a judgment upon this defaulted loan. (Docket No. 1.) In his Answer, Buzzard requested "a fair and reasonable judgment or repayment plan." (Docket No. 5 at 2.)

## Legal Standard

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

## Analysis

Where no conflicting statute exists, the general principles governing the rights, duties, and construction of a contract apply to contracts entered into by the United States. *See Perry v. United States*, 294 U.S. 300, 352 (1935) ("When the United States, with constitutional authority, makes contracts, it has

rights and incurs responsibilities similar to those of individuals who are parties to such instruments."); *see also United States v. Standard Rice Co.*, 323 U.S. 106 (1944); *United States v. Essley*, 284 F.2d 518, 520 (10th Cir. 1960). The validity, interpretation, and construction of contracts with the federal government is generally governed by principles of federal contract law. *See Priebe & Sons v. United States*, 332 U.S. 407 (1947). Accordingly, the Court will look to principles of federal statutory law in analyzing the contract at issue.

The United States has produced the Promissory Note that Buzzard agreed to. (Docket No. 9-2.) In his Answer, Buzzard has acknowledged that he formed a contract with the United States, and he does not contest the sum that he allegedly owes. (*See* Docket No. 5 at 1 ("[D]efendant understands a money indebtedness to the Department of Education.").) This evidence demonstrates that a valid contract existed between the parties. The Certificate of Indebtedness that was mailed to Buzzard indicates that the United States performed under the contract upon remitting $84,790.96 on January 2, 2001 and January 16, 2001. Buzzard's Answer, in which he admits that he failed to remit the money owed under the contract, demonstrates that he breached the contract. Moreover, the materials submitted with the Complaint are sufficient to establish damages on the promissory note, as they reflect both the principal owed on the note as well as the applicable interest rate. Accordingly, because the parties agree that a valid contract existed between them, that the United States loaned the agreed-upon sum to Buzzard, and that Buzzard failed to satisfy his obligations, no genuine issue of material fact exists.

**Conclusion and Order**

Therefore, the Court having reviewed the United States' Motion for Summary Judgment and being otherwise sufficiently advised, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States' Motion for Summary Judgment, (Docket No. 9), is GRANTED.

IT IS FURTHER ORDERED that Judgment is entered in favor of the United States against Buzzard for the sum of $136,260.27 as of November 24, 2010, plus interest at the rate of 8.25% per

annum until the date of judgment, plus post-judgment interest at the rate of 0.11%. All payments shall be mailed to the United States Attorney, Attention: Financial Litigation Unit, 717 West Broadway, Louisville, KY 40202, and shall include the case number in the memo field of the check.

This is a final and appealable judgment, there being no just cause for delay.